J-A15007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAMELA Z. SCHWOTZER, INDIVIDUALLY AND IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGG A. SCHWOTZER, DECEASED | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ARTHUR C. SCHWOTZER, AN INDIVIDUAL, CROSSGATES, INC., A PENNSYLVANIA BUSINESS CORPORATION, AND CROSSGATES MANAGEMENT, INC., A PENNSYLVANIA BUSINESS CORPORATION | : : : : : : : : : | No. 310 WDA 2021 |
| Appellants | : | |

Appeal from the Order Entered February 17, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2020-1714

| | | |
|---|---|---|
| PAMELA Z. SCHWOTZER, INDIVIDUALLY AND IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGG A. SCHWOTZER, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ARTHUR C. SCHWOTZER, AN INDIVIDUAL; CROSSGATES, INC., A PENNSYLVANIA BUSINESS CORPORATION, CROSSGATES MANAGEMENT, INC., A PENNSYLVANIA BUSINESS CORPORATION | : : : : : : : : : | No. 424 WDA 2021 |
| Appellants | : | |

Appeal from the Order Entered March 26, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s): No. 63-2020-1714

BEFORE: BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

JUDGMENT ORDER BY BOWES, J:                    **FILED: OCTOBER 25, 2022**

Before us are two consolidated appeals. In the first, Arthur C. Schwotzer, Crossgates, Inc., and Crossgates Management, Inc. ("Appellants" collectively), appeal from the trial court order that granted the motion for the appointment of a custodian for the Crossgates entities filed by Pamela Z. Schwotzer, individually and in her capacity as personal representative of the Estate of Gregg A. Schwotzer. In the second, Appellants challenge the subsequent order appointing a specific individual as custodian.

We first consider whether these appeals are properly before us, as neither order is a final order that disposes of all claims as to all parties. Pursuant to Pa.R.A.P. 311(a)(2), with certain exceptions not applicable here, an interlocutory appeal as of right is permitted from "[a]n order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property[.]" The February 17, 2021 order did not "confirm" a custodianship, let alone modify one that had already been confirmed, as further court action, including the naming of the custodian, had yet to be taken. Therefore, we conclude that the appeal at 310 WDA 2021 must be quashed as taken from an unappealable interlocutory order.

However, no further steps were required to confirm the custodianship after the court entered its March 26, 2021 order naming the custodian, specifying his authority, and cancelling the April 8, 2021 hearing. As such, the appeal at 424 WDA 2021 taken from the March 26, 2021 order is properly before us in accordance with Rule 311(a)(2).

On September 29, 2022, Appellants filed an application to discontinue the appeals, representing therein that the parties have resolved their dispute as to the subject of the appeal and executed a settlement agreement on September 15, 2022. *See* Application for Discontinuance, 9/29/22, at ¶¶ 5-6. Appellants represent that Appellees do not oppose the discontinuance. *Id*. at ¶ 8. They further contend that permitting the discontinuance will serve the interests of judicial economy. *Id*. at ¶ 9.

We observe that the interests of judicial economy would have been better served had Appellants not waited two weeks to advise this Court of the settlement, as judicial resources have been unnecessarily expended on this appeal in the interim. However, as there is no longer an active case or controversy for our adjudication, we grant the application for discontinuance of the now moot appeal at 424 WDA 2021.

Appeal at 310 WDA 2021 quashed. Appeal at 424 WDA 2021 dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/22